**Robert Hart, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 11-1326** (Harrison County 10-C-13)

**Marvin Plumley,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert Hart, by counsel, G. Ernest Skaggs, appeals the circuit court's order entered March 3, 2011, and July 20, 2011, denying his petition for writ of habeas corpus. Warden Plumley[1] of Mount Olive Correctional Complex, by counsel Michele Duncan Bishop, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the appendix record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner entered guilty pleas for sexual abuse in the first degree, robbery in the second degree, conspiracy to commit robbery in the first degree, nighttime robbery, conspiracy to commit nighttime burglary, grand larceny, and fleeing from an officer by means of a vehicle causing damage to property. His total sentence was ten to fifty-eight years, to be served consecutively. Petitioner's co-defendants pleaded guilty to all the same offenses, with the exception of the sexual abuse charge.

On or about January 1, 2010, petitioner filed a petition for writ of habeas corpus on four different bases: consecutive sentences for the same transaction, erroneous information in the pre-sentence report, severer sentence than expected, and excessive or disproportionate sentence. Petitioner now appeals only the alleged excessive or disproportionate sentence.

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the

---

[1] Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the respondent party's name with Warden Marvin Plumley. The initial respondent on appeal, Adrian Hoke, is no longer the warden of Huttonsville Correctional Center.

underlying factual findings under a clearly erroneous standard; and questions of law are subject to a de novo review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Petitioner essentially challenges his sentence in this matter. In reviewing challenges to sentencing orders, "'if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review,' Syllabus point 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W. Va. 499, 665 S.E.2d 674 (2008). Further, "'[t]he constitutionality of a statute is a question of law which this Court reviews *de novo*.' Syl. Pt. 1, *State v. Rutherford*, 223 W. Va. 1, 672 S.E.2d 137 (2008)." Syl. Pt. 2, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011).

On appeal, petitioner argues that the circuit court erred in issuing him consecutive sentences, whereas his co-defendants received concurrent sentences. He states that there was "no difference. . ." between his actions and that of his co-defendants "except the charge of sexual assault." Petitioner cites to *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984) and *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009) to support the notion that courts have reversed based on the disparity of sentencing between similarly-situated co-defendants. The State argues that the Court below did not abuse its discretion because the sentence was within its statutory limits and not disproportionate to the crimes committed.

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his petition for appeal. Finding no error in the denial of habeas corpus relief, the Court fully incorporates and adopts the circuit court's detailed and well-reasoned "Order Denying Post-Conviction Writ of Habeas Corpus" entered August 19, 2011, insofar as it addresses the assignments of error appealed herein, and directs the Clerk to attach the same hereto.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

# IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,
EX REL. ROBERT HART, JR.,

                    Petitioner,

vs.                                                 Civil Action No. 10-C-13-2
                                                    Thomas A. Bedell, Judge

ADRIAN HOKE, Warden,
HUTTONSVILLE CORRECTIONAL FACILITY,

                    Respondent.

## ORDER DENYING POST-CONVICTION WRIT OF HABEAS CORPUS

On the 7th day of June, 2011 came the petitioner, Robert Hart, in person via video teleconference from Huttonsville Correctional Center and by counsel, G. Ernest Skaggs. Came also the respondent, Adrian Hoke, Warden, Huttonsville Correctional Center, by and through Traci M. Cook, Assistant Prosecuting Attorney for Harrison County, West Virginia. The parties were present pursuant to an Order of this Court setting an omnibus hearing on the petitioner's Petition for Writ of Habeas Corpus, Supplemental Petition for Writ of Habeas Corpus, and Addendum to Petition for Writ of Habeas Corpus previously filed herein.

Thereupon, counsel for the petitioner advised the court and the respondent that the petitioner, despite asserting grounds for habeas corpus relief in his Petition for Writ of Habeas Corpus, Supplemental Petition for Writ of Habeas Corpus, and Addendum to Petition for Writ of Habeas Corpus requiring waiver of attorney-client privilege, petitioner did not want to waive attorney client privilege.

Page 1 of 24

Whereupon, the Court granted time to the petitioner and counsel to discuss the waiver of attorney-client privilege by the petitioner's assertion of certain grounds in support of his request for habeas relief.

Thereupon, following a discussion with the petitioner, counsel for petitioner advised the Court that the petitioner wished to assert only four grounds in support of petitioner's request for habeas relief: 1) consecutive sentences for same transaction; 2) erroneous information in presentence investigation report; 3) severer sentence than expected; and 4) excessive sentence.

Whereupon, the Court advised the petitioner of the waiver of attorney-client privilege; advised the petitioner that by asserting certain grounds in support of his request for habeas relief, the petitioner, based upon federal case law, would be effectively waiving his right to attorney client privilege; advised the petitioner that all claims or potential claims for habeas relief not asserted at this omnibus hearing will be forever barred for consideration, to all of which the petitioner advised that he understood and advised that he did not want the waive attorney/client privilege and only wished to assert four grounds in support of his request for habeas relief: 1) consecutive sentences for same transaction; 2) information in pre-sentence investigation report erroneous; 3) severer sentence than expected; and 4) excessive sentence – disproportionate sentence as to co-defendants.

Whereupon, the Court, having been advised that the petitioner failed to bring the *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) Checklist (hereinafter *Losh* Checklist) with him to the hearing despite the Court sending the same to the petitioner and having allowed the petitioner to obtain the same, reviewed the *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) Checklist, advised the petitioner of the purpose of the *Losh* Checklist, again advised petitioner that the failure to raise all potential claims for habeas relief will forever bar said

claims, and reviewed each ground of the *Losh* Checklist individually with the petitioner as to whether the petitioner wished to waive or assert said ground. Again the petitioner advised that he wished to assert four grounds in support of his request for habeas relief: 1) consecutive sentences for same transaction; 2) information in pre-sentence investigation report erroneous; 3) severer sentence than expected; and 4) excessive sentence – disproportionate sentence as to co-defendants.

Whereupon, the Court again advised the petitioner of the consequences of the failure to raise all grounds in his request for habeas relief.

Thereupon, counsel for the petitioner and counsel for the respondent waived opening statements.

Thereupon, counsel for the petitioner called George J. Cosenza, Esquire, one of the prior counsel of record for the petitioner, Robert Hart, Jr., and the petitioner testified, under oath, in support of his petition for writ of habeas corpus.

Thereupon, counsel requested a period of time for the Court to allow them to submit their proposed findings of fact, conclusions of law, and legal argument, and the Court granted the parties' request and requested the submissions be filed no later than June 30, 2011. Thereafter, counsel for the petitioner and counsel for the respondent requested additional time for their submissions, and the Court granted an extension to July 18, 2011.

Upon consideration of all of the evidence presented by the parties and further contained in the record in the underlying criminal matter encaptioned *State of West Virginia vs. Robert S. Hart, Jr.*, Felony Indictment Number 07-F-22-2, in the Circuit Court of Harrison County, West Virginia, and the pertinent legal authority, the respondent asserts that the petitioner is not entitled to a Writ of Habeas Corpus and his Petition, Supplemental Petition, and Addendum to the

Supplemental Petition for Writ of Habeas Corpus should be denied. In support hereof, the respondent states the following:

## Findings of Fact

1. A review of the "List of Grounds Waived or Asserted," filed pursuant to *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), as confirmed by the petitioner and his counsel at the time of the Omnibus Hearing, indicates that the petitioner, Robert Hart, Jr., has waived the following grounds:

(1) trial court lacked jurisdiction

(2) statute under which conviction obtained unconstitutional

(3) indictment shows on face no offense was committed

(4) prejudicial pre-trial publicity

(5) denial of right to speedy trial

(6) involuntary guilty plea

(7) mental competency at time of crime

(8) mental competency at time of trial cognizable even if not asserted at proper time or if resolution not adequate

(9) incapacity to stand trial due to drug use

(10) language barrier to understanding the proceedings

(11) denial of counsel

(12) unintelligent waiver of counsel

(13) failure of counsel to take an appeal

(15) coerced confessions

(16) suppression of helpful evidence by prosecutor

(17)    State's knowing use of perjured testimony

(18)    falsification of a transcript by prosecutor

(19)    unfulfilled plea bargains

(21)    ineffective assistance of counsel

(22)    double jeopardy

(23)    irregularities in arrest

(24)    excessiveness or denial of bail

(25)    no preliminary hearing

(26)    illegal detention prior to arraignment

(27)    irregularities or errors in arraignment

(28)    challenges to the composition of grand jury or its procedures

(29)    failure to provide copy of indictment to defendant

(30)    defects in indictment

(31)    improper venue

(32)    pre-indictment delay

(33)    refusal of continuance

(34)    refusal to subpoena witnesses

(35)    prejudicial joinder of defendants

(36)    lack of full public hearing

(37)    nondisclosure of Grand Jury minutes

(38)    refusal to turn over witness notes after witness has testified

(39)    claim of incompetence at time of offense, as opposed to time of trial

(40)    claims concerning use of informers to convict

(41)    constitutional errors in evidentiary rulings

(42)    instructions to the jury

(43)    claims of prejudicial statements by trial judges

(44)    claims of prejudicial statements by prosecutor

(45)    sufficiency of evidence

(46)    acquittal of co-defendant on same charge

(47)    defendant's absence from part of the proceedings

(48)    improper communications between prosecutor or witnesses and    jury

(49)    question of actual guilt upon an acceptable guilty plea

(52)    mistaken advice of counsel as to parole or probation eligibility

(53)    amount of time served on sentence, credit for time served

2.    A review of the Petition, Supplemental Petition, and Addendum to the Supplemental Petition for Writ of Habeas Corpus and the *final Losh* Checklist in open Court, as confirmed by the petitioner and his counsel at the time of the Omnibus Hearing, indicates that the petitioner, Robert Hart, Jr., requests this Court to address four (4) grounds:

(14)    consecutive sentences for same transaction

(20)    information in pre-sentence report erroneous

(50)    severer sentence than expected

(51)    excessive sentence -- disproportionate sentence

4.    Although not waived, the petitioner, Robert Hart, Jr., offered no evidence on the following Losh Checklist ground, and accordingly, said ground should be waived:

(14)    consecutive sentences for same transaction.

In fact, the petitioner testified that he had nothing to say about that ground.

3. On October 10, 2006, a complaint charging the petitioner with the felony offenses of First Degree Robbery and First Degree Sexual Assault was filed and warrants were issued for the petitioner's arrest.

4. On October 30, 2006, the petitioner was arrested in the State of Ohio upon a fugitive warrant based upon the outstanding warrants for the felony charges of First Degree Robbery and First Degree Sexual Assault and the petitioner was extradited to the State of West Virginia.

5. Upon the petitioner's return to the State of West Virginia, the Circuit Court of Harrison County appointed Rocco Mazzei, Esquire, to represent the petitioner.

6. The January 2007 Term of the Harrison County Grand Jury returned an indictment charging the petitioner with one count of sexual assault in the first degree, one count of robbery in the first degree, one count of conspiracy to commit robbery in the first degree, one count of nighttime burglary, one count of conspiracy to commit nighttime burglary, one count of grand larceny, and one count of fleeing from an officer by means of a vehicle causing damage to property, Felony Indictment Number 07-F-22-2.

7. At the arraignment upon Felony Indictment Number 07-F-22-2 on January 11, 2007, the Court scheduled trial for the week of April 2, 2007.

8. Subsequent to the arraignment, the petitioner hired private counsel, George J. Cosenza, a seasoned attorney with thirty years experience at the time of his representation, including the majority of his practice in the area of criminal law, to represent the petitioner upon the charges in the indictment.

9. On March 13, 2007 and at the request of the petitioner's counsel, the Court continued the jury trial in Felony Indictment Number 07-F-22-2 to he week of May 14, 2007.

10. Following the filing of certain pretrial motions by counsel for the petitioner and counsel for the State, the parties advised the Court that a plea agreement had been reached whereby the petitioner would enter a guilty plea, by way of an *Alford* plea, to the following felony offenses: 1) second degree sexual assault, that being a lesser included offense of sexual assault in the first degree; 2) conspiracy to commit robbery in the first degree; and 3) conspiracy to commit nighttime burglary. The parties presented the plea terms to the Court, as well as a notice of hearing for May14, 2007; however, prior to the hearing, the Court advised the parties that it would not accept an *Alford* plea.

11. Thereafter, the parties reached a subsequent plea agreement whereby the petitioner would enter pleas of guilty and state a factual foundation for the acceptance of said pleas to the following felony offenses and misdemeanor offense: 1) sexual abuse in the first degree, that being a lesser included offense of sexual assault in the first degree as charged in the indictment; 2) robbery in the second degree, that being a lesser included offense of robbery in the first degree as charged in the indictment; 3) conspiracy to commit robbery in the first degree; 4) nighttime burglary; 5) conspiracy to commit nighttime burglary; 6) grand larceny; and 7) fleeing from an officer by means of a vehicle causing damage to property. Pursuant to the aforementioned pleas of guilty by the petitioner, the State agreed to remain silent as to sentencing and the petitioner retained his right to argue sentencing options to the Court. The plea agreement was reduced to writing, which written plea agreement included the statutory sentence for each offense to which the petitioner was entering a plea of guilty.

12. On May 14, 2007, the State of West Virginia and the petitioner appeared before the Honorable Thomas A. Bedell, Division II of the Circuit Court of Harrison County, for entry of pleas by the petitioner pursuant to the aforementioned plea agreement. The petitioner entered

pleas of guilty to the following: 1) sexual abuse in the first degree, that being a lesser included offense of sexual assault in the first degree as charged in the indictment; 2) robbery in the second degree, that being a lesser included offense of robbery in the first degree as charged in the indictment; 3) conspiracy to commit robbery in the first degree; 4) nighttime burglary; 5) conspiracy to commit nighttime burglary; 6) grand larceny; and 7) fleeing from an officer by means of a vehicle causing damage to property.

13. At the plea hearing and prior to the entry of the petitioner's pleas of guilty and execution of the plea agreement, the Court advised the petitioner of the possible penalties as to each of the offenses charged in the indictment and as to each of the offenses to which the petitioner was to enter a plea.[1] The Court further advised the petitioner on two occasions of the possible maximum sentence for the offenses to which the petitioner offered pleas of guilty pursuant to the plea agreement.[2]

14. Following acceptance of the petitioner's pleas of guilty, the Court ordered a presentence investigation report to be completed by the Harrison County Adult Probation Office, include a physical, mental and psychiatric study and diagnosis, which psychiatric study and diagnosis shall include an ongoing treatment plan, if applicable, and scheduled sentencing for July 3, 2007. By Order Continuing Sentencing, the sentencing hearing was continued to the 13th day of August, 2007, to permit the completion of the physical, mental and psychiatric evaluations of the defendant.

15. At the sentencing hearing on August 13, 2007, the petitioner, by counsel advised that the petitioner had received a copy of the presentence investigation report and previously filed objections and corrections to the same with the Adult Probation Office of Harrison County,

---

[1] Plea Hearing Transcript, May 14, 2007, Pages 12–16, Pages 43-47
[2] See Id. Page 47, 55-56

which corrections had been made to the presentence investigation report in accordance with the petitioner's stated objections.[3] Counsel for the petitioner further noted receipt of the psychiatric evaluation of Asad H. Khan, M.D., prior to the hearing, but advised that petitioner had not received the accompanying psychological report of Levin & Associates.[4] Accordingly the Court continued sentencing to September 11, 2007, in the interest of justice to permit the petitioner an opportunity to thoroughly review the psychological and psychiatric reports.[5]

16.     On September 11, 2007, the Court conducted a sentencing hearing. At the sentencing hearing, the Court inquired of counsel for the petitioner if the petitioner had received a copy of the presentence investigation, reviewed the same and had any objections to the report.[6] Counsel for the petitioner again advised the all corrections requested by the petitioner had been made to the presentence investigation report and the Court proceeded to sentencing.[7] Furthermore, the petitioner had an opportunity to and did address the findings in the psychological and psychiatric reports of Levin & Associates and Dr. Khan respectively.[8]

17.     Upon careful consideration of the presentence report, the facts of the case, the petitioner's own admission regarding his abuse of alcohol and controlled[9], and all matters contained in the record, the Court found that the petitioner was not an appropriate candidate for an alternative sentence and consecutive sentences were appropriate although his co-defendants received concurrent sentences given the petitioner being the primary perpetrator of the crimes listed in the indictment, the benefit already received by the petitioner pursuant to the plea agreement, the petitioner's prior drug-related convictions, the Court's skepticism of the

---

[3] See Sentencing Transcript, August 13, 2007, Page 7-9, Page 10
[4] See Id. Page 8
[5] See Id. Page 11
[6] See Sentencing Transcript, September 11, 2007, Page 6
[7] See Id. Page 7
[8] See Id. Page 12-14
[9] See Id. Page 17

petitioner's sincere acceptance of responsibility based upon his representations in the presentence investigation report, the petitioner's drug addiction for approximately ten (10) years, the petitioner's lack of work history yet ability to obtain controlled substances by his own admission, the petitioner's need of correctional treatment that could be provided most effectively by his commitment to a correctional institution, the psychological and psychiatric reports reflecting the petitioner's disorder wherein he believes that rules of law do not apply to him, the seriousness of the petitioner's crimes, and the escalating violence reflected in the petitioner's criminal history. Accordingly, the petitioner was sentenced as follows:

(1) Count Thirteen: Fleeing From an Officer by Means of a Vehicle Causing Damage to Property - one (1) year in jail from October 30, 2006 and mandatory fine of $1,000.00;

(2) Count Seven: Sexual Abuse in the First Degree, that being a lesser included offense of Sexual Assault in the First Degree as charged in Count Seven of the indictment - not less than (1) nor more than five (5) years to be served consecutively to Count Thirteen;

(3) Count Eight: Robbery in the Second Degree, that being a lesser included offense of Robbery in the First Degree as charged in Count Eight - not less than five (5) years nor more than eighteen (18) years to be served consecutively to Count Thirteen and Count Seven;

(4) Count Nine: Conspiracy to Commit Robbery in the First Degree - not less than (1) nor more than five (5) years to be served consecutively to Count Thirteen, Count Seven, and Count Eight;

(5)     Count Ten: Nighttime Burglary - not less than (1) nor more than fifteen (15) years to be served consecutively to Count Thirteen, Count Seven, Count Eight and Count Nine;

(6)     Count Eleven: Conspiracy to Commit Nighttime Burglary - not less than (1) nor more than five (5) years to be served consecutively to Count Thirteen, Count Seven, Count Eight, Count Nine and Count Ten;

(7)     Count Twelve: Grand Larceny - not less than (1) nor more than ten (10) years to be served consecutively to Count Thirteen, Count Seven, Count Eight, Count Nine, Count Ten and Count Eleven.

18.     On or about the 1st day of January 2010, the petitioner filed a Writ of Habeas Corpus and set forth the following grounds for consideration:   1) ineffective assistance of counsel; 2) prejudicial pretrial publicity; 3) involuntary guilty plea; 4) consecutive sentences for same transaction; 5) language barrier to understanding proceedings; 6) coerced confession; 7) suppression of helpful evidence; 8) State's knowing use of perjured testimony; 9) information of presentence report erroneous; 10) double jeopardy; 11) no preliminary hearing; 12) excessive or denial of bail; 13) challenge to composition of grand jury or its procedures; 14) defects in indictment; 15) refusal to subpoena witnesses; 16) non-disclosure of grand jury minutes; 17) refusal to turn over witness notes after witness has testified; 18) claim of prejudicial statement by trial judge; 19) claim of prejudicial statement by prosecutor; 20) sufficiency of the evidence; 21) question of actual guilt upon acceptable guilty plea; 22) excessive sentence; and 23) severer sentence than expected.

19.     Following the appointment of counsel, Terri L. Tichenor, Esquire, the petitioner filed his Supplemental Omnibus Petition for a Writ of Habeas Corpus on July 12, 2010, which

Supplemental Petition combined many of the grounds alleged in the original Petition, and set forth the following grounds for consideration: 1) ineffective assistance of counsel; 2) excessive bail; 3) failure of counsel to take an appeal; 4) involuntary guilty plea; 5) no preliminary hearing; 6) coerced confession; 7) double jeopardy; 8) severer sentence than expected and disproportionate sentence[10] ; and 9) other grounds. The petitioner, by counsel, also filed a Checklist of Grounds for Post-Conviction Habeas Corpus Relief (hereinafter *Losh* Checklist) in which the petitioner alleges the following eleven grounds for consideration: 1) ineffective assistance of counsel; 2) excessive or denial of bail; 3) involuntary guilty plea; 4) coerced confession; 5) coerced confession; 6) suppression of helpful evidence by prosecutor; 7) consecutive sentence for same transaction; 8) severer sentence than expected; 9) information in pre-sentence report erroneous; 10) question of actual guilt upon an acceptable guilty plea; and 11) sufficiency of the evidence.

20. On August 23, 2010, the respondent filed his Answer to the Petition and Supplemental Petition for Post-Conviction Habeas Corpus Relief.

21. By order entered August 23, 2010, the Omnibus Hearing was scheduled for October 4, 2010.

22. On October 4, 2010, the parties appeared before the Court for the Omnibus Hearing, but Ms. Tichenor, counsel for the petitioner, moved to withdraw as counsel as communications with the petitioner had broken down beyond repair. The petitioner echoed this request and, by order entered October 22, 2010, the petitioner received new habeas counsel, G. Ernest Skaggs, Esquire.

---

[10] The Supplemental Petition incorrectly includes ground number 8 as a second ground number 7.

23.     On February 17, 2011, the petitioner filed his Amended Supplemental Omnibus Petition for a Writ of Habeas Corpus which clarified certain grounds already alleged by the petitioner in his Petition and Supplemental Petition, but did not allege any new grounds.

24.     On June 7, 2011, at the Omnibus Hearing in this matter, the Petitioner advised this Court that he did not wish to waive any attorney/client privilege and wished to only assert four (4) grounds in support his Petition for Writ of Habeas Corpus. These grounds again are: 1) consecutive sentences for same transaction; (2) information in pre-sentence report erroneous; 3) severer sentence than expected; and 4) excessive sentence – disproportionate sentence.

### Ground 1     Consecutive Sentences for Same Transaction
#### (*Losh* Checklist No. 14)

At the June 7, 2011, Omnibus Hearing the petitioner failed to present any evidence in support of his claim of consecutive sentences for same transaction.

### Ground 2     Information in Pre-Sentence Report Erroneous
#### (*Losh* Checklist No. 20)

At the Omnibus Hearing, the Petitioner claimed that the presentence investigation report was erroneous because convictions contained within the presentence investigation report that were charged as citation appeared as arrests; the conviction for assault on a police officer should have been investigated by the probation office because it was less serious than it appears; and the psychological and psychiatric reports were inaccurate, the psychological and psychiatric reports result of a thirty minute appointment, and the petitioner wanted revaluated by an outside source. However, the record supports a finding contrary to the Petitioner's assertions.

The Court finds that the petitioner and his counsel were provided a copy of the presentence investigation report prior to sentencing. As confirmed by the transcript of the sentence hearing on August 13, 2007, and the further sentencing hearing on September 11, 2007,

the Court inquired of the petitioner whether he had received a copy of the report, reviewed the report, and whether the report was accurate.[11] The Petitioner advised the Court that he had reviewed the report, that any objections or corrections were sent to the probation officer, and that all corrections had been made in accordance with the petitioner's requests.[12] In fact, counsel for the petitioner believed the report to be an "excellent job" by the probation officer.[13]

Moreover, due to the late disclosure to the petitioner of the psychiatric report and the psychological report, the Court continued the sentencing hearing to give the petitioner the opportunity to thoroughly review the psychological and psychiatric reports and address any issues he may have with the same at the sentencing hearing.[14] Despite clarification from petitioner's counsel at the time of sentencing regarding how characteristics were listed in the psychological report by Levin & Associates, neither the petitioner nor his counsel disputed the accuracy of the psychiatric report and the psychological report.[15]

Finally, the petitioner's assertion that the probation officer should look behind a conviction and determine the facts of a prior conviction before a court should consider said conviction is without merit or support. In fact, the existence of a final conviction stands for the litigation of the facts of the charge and the finding that those facts support the charge that the court will consider by way of a defendant's criminal history. Based upon all of the foregoing, this Court concludes that the petitioner has failed to prove that the presentence investigation report, and its accompanying psychological and psychiatric reports, was erroneous and failed to prove that the Court relied upon erroneous information in the presentence investigation report.

<u>Ground 3     Severer Sentence than Expected</u>

---

[11] See Sentencing Transcript, August 13, 2007, Page 7, 10; Sentencing Transcript, September 11, 2007, Page 7
[12] See Sentencing Transcript, August 13, 2007, Page 7-8; Sentencing Transcript, September 11, 2007, Page 7
[13] See Sentencing Transcript, August 13, 2007, Page 10
[14] See Id. Page 11
[15] See Sentencing Transcript, September 11, 2007, Page 12-14

At the June 7, 2011, Omnibus Hearing, the petitioner failed to present any evidence in support of his claim of that he received a severer sentence than expected. Although the Petitioner testified that he thought the sentences to the offenses to which he pled guilty may be run concurrently because his co-defendants received concurrent sentences , the Court finds that by the petitioner's own admissions at the Omnibus Hearing, by the Plea Agreement contained in the file which sets forth the possible penalty as to each offense for which the petitioner offered a plea of guilty, and by the record of the Plea Hearing conducted on May 14, 2007, the petitioner understood the possible penalties as to each of the offenses charged in the indictment and understood the possible penalties as to each of the offenses to which the petitioner entered a plea of guilty.[16] The petitioner was further aware of the possible maximum sentence for the offenses to which the petitioner offered pleas of guilty pursuant to the plea agreement and the Court imposed the statutory sentences for each offense of which the petitioner was convicted.[17] Accordingly, the record is abundantly clear that the petitioner was readily aware that the court could impose the sentence ultimately imposed upon the petitioner and the petitioner failed to prove the he received a severer sentence than expected.

### Ground 4     Excessive Sentence – Disproportionate Sentence
(*Losh* Checklist No. 51)

Petitioner alleges he received an excessive sentence because his sentence was disproportionate to his co-defendants. In support of this ground, the Petitioner testified that the concurrent sentences imposed upon his co-defendants led the petitioner to believe that the petitioner's sentence would be run concurrently. The petitioner also presented the testimony of his trial counsel, George J. Cosenza, Esq. Mr. Cosenza testified that he viewed the charges to

---

[16] Plea Hearing Transcript, May 14, 2007, Pages 12–16, Pages 43-47
[17] See Id. Page 47, 55-56; Sentencing Hearing Transcript, September 11, 2007, Pages 26-29

which the petitioner pled guilty as comparable to the co-defendants with the exception of the sexual offense with which the petitioner was charged and the co-defendants were not charged. Mr. Cosenza testified that he hoped that if the Court gave the petitioner consecutive sentences, the Court would group the comparable charges together and order the sexual offense to be served consecutively. However, Mr. Cosenza agreed that under the plea agreement the Court could order all of the sentences to be served consecutively and the petitioner understood the Court could order all of the sentences to be served consecutively.

The Court finds that indictment and the transcript of the plea and sentencing hearings sets forth that the offenses to which the petitioner pled guilty included a sexual offense against the victim for which the petitioner's co-defendants were not charged. Moreover, the Court found, having reviewed the entire case file, heard the representations of the victim, and presided over the co-defendants cases, that the petitioner was the primary perpetrator of the crimes charged and the most culpable of the three co-defendants.[18] Furthermore, the Court considered the petitioner's lengthy history of substance abuse, the petitioner's lengthy criminal history, which history included escalating violence, the petitioner's lack of a sincere acceptance of responsibility, and the benefit received by the petitioner pursuant to the plea agreement prior to imposing the petitioner's sentence.[19] While the Court did consider the co-defendants sentences and proportionality issues, the Court also took into consideration the distinctions between the petitioner and his co-defendants prior to imposing the petitioner's sentence.[20]. Accordingly, the petitioner's assertion that he received an excessive sentence is without merit.

---

[18] Sentencing Hearing Transcript, September 11, 2007, Pages 21, 25
[19] See Id. Page 21 -22, 25-26
[20] See Id. Page 19-20,24

## Conclusions of Law

1. The applicable statutes for the issuance of a Writ of Habeas Corpus are West Virginia Code § 53-4A-1, et seq.

2. "[T]he burden of proof rest on the petitioner to rebut the presumption that he intelligently and knowingly waived any contention for relief which he could have advanced on direct appeal[.] *Losh v. McKenzie*, 166 W.Va. 762, 765, 277 S.E.2d 606, 609 (1981).

3. "Such petitioner has the burden of proving by a preponderance of the evidence the allegations contained in his petition or affidavit which would warrant his release." *State ex rel. Scott v. Boles*, Syl. Pt. 1, 150 W.Va. 453, 147 S.E.2d 486 (1966).

4. Petitioner failed to present any evidence to meet his burden as to the ground of consecutive sentences for same transaction. Accordingly, this ground in support of the petitioner's request for habeas relief should be denied.

5. Rule 32 of the West Virginia Rule of Criminal Procedure mandates that a criminal defendant be provided a copy of the presentence investigation report. *See State ex rel. Aaron v. King*, 199 W.Va. 533, 485 S.E.2d 702 (1997).

6. "A circuit court must, without exception, determine on the record that a defendant has had the opportunity to read and discuss the presentence investigation report with his counsel, and the record should demonstrate that such opportunity has been provided or extended to a defendant." *State ex rel. Aaron v. King,* Syl. Pt. 3, 199 W.Va. 533, 485 S.E.2d 702 (1997).

7. Based upon the transcript of the sentencing hearings on August 13, 2007 and September 13, 2007, the petitioner and his counsel were provided a copy of the presentence investigation report. Moreover, the Court inquired of the Petitioner whether he had received a

copy of the report, reviewed the report, and whether the report was accurate.[21] The Petitioner advised the Court that he had reviewed the report and did not have any objections to the presentence investigation report at the time of sentencing as all corrections had been made by the adult probation officer.[22] Moreover, the petitioner did not object to the psychological or psychiatric reports, nor did the petitioner request further testing.[23] Thus, the Petitioner cannot now claim error and this ground in support of the petitioner's request for habeas relief should be denied

8.    "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." *State v. Goodnight,* Syl. Pt. 4,169 W.Va. 366, 287 S.E.2d 504 (1982); *State v. Hays,* Syl. Pt. 9, 185 W.Va. 664, 408 S.E.2d 614 (1991); State v. Miller, Syl. Pt. 6, 195 W.Va. 656, 466 S.E.2d 507 (1995); State v. Sampson, Syl. Pt. 4, 200 W.Va. 53 ,488 S.E.2d53 (1997). .

9.    Rule 11 of the West Virginia Rule of Criminal Procedure provides, in pertinent part, that "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . [t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law[.] W.Va. R. Crim P. 11(c)(1).

10.    West Virginia Code §61-8B-7(b) provides that a person who is guilty of sexual abuse in the first degree "shall be imprisoned in a state correctional facility not less than one year

---

[21] See Sentencing Transcript, August 13, 2007, Page 7, 10; Sentencing Transcript, September 11, 2007, Page 7
[22] See Sentencing Transcript, August 13, 2007, Page 7-8; Sentencing Transcript, September 11, 2007, Page 7
[23] See Sentencing Transcript, September 11, 2007, Page 12-14

nor more than five years, or fined not more than ten thousand dollars and imprisoned in a state correctional facility not less than one year nor more than five years."

11. West Virginia Code §61-2-12(b) provides that a person who is guilty of robbery in the second degree "shall be confined in a correctional facility not less than five years nor more than eighteen years."

12. Pursuant to West Virginia Code §61-2-12 and West Virginia Code §61-10-31, any person who is guilty of conspiring to commit a first degree robbery "shall be punished by imprisonment in the penitentiary for not less than one nor more than five years or by a fine of not more than ten thousand dollars, or, in the discretion of the court, by both such imprisonment and fine."

13. West Virginia Code §61-3-11(a) provides that a person who is guilty of nighttime burglary by breaking and entering "shall be confined in the penitentiary not less than one nor more than fifteen years."

14. Pursuant to West Virginia Code §61-3-11(a) and West Virginia Code §61-10-31, any person who is guilty of conspiring to commit a nighttime burglary "shall be punished by imprisonment in the penitentiary for not less than one nor more than five years or by a fine of not more than ten thousand dollars, or, in the discretion of the court, by both such imprisonment and fine.

15. West Virginia Code §61-3-13(a) provides that a person who is guilty of grand larceny "shall be imprisoned in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and shall be fined not more than two thousand five hundred dollars."

16. West Virginia Code §61-5-17 [2001] provides that a person who is guilty of Fleeing From an Officer by Means of a Vehicle Causing Damage to Property offense "shall be fined not less than one thousand nor more than three thousand dollars, and shall be confined in the county or regional jail for not less than six months nor more than one year."

17. "The subjective but, in hindsight, mistaken belief of a defendant as to the amount of sentence that will be imposed, unsupported by any promises from the government or indications from the court, is insufficient to invalidate a guilty plea as unknowing or involuntary." *State v. Pettigrew*, Syl. Pt. 1, 168 W.Va. 299, 284 S.E.2d 370 (1981).

18. At the Omnibus hearing, the petitioner testified that he understood the penalties for the offenses to which he entered pleas of guilty. Although the Petitioner now testifies that he thought the sentences to the offenses to which he pled guilty may be run concurrently because his co-defendants received concurrent sentences, the petitioner understood the possible penalties for each of the offenses charged in the indictment and understood the possible penalties for each of the offenses to which he entered a plea of guilty at the time the petitioner entered his pleas.[24] The petitioner was further aware of the possible maximum sentence for the offenses to which he offered pleas of guilty pursuant to the plea agreement.[25] Moreover, the Court imposed the statutory sentences for each offense of which the petitioner was convicted.[26] Accordingly, the Petitioner failed to meet his burden to prove the ground that the sentence was severer than expected and this ground in support of the petitioner's request for habeas relief should be denied.

19. "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." *State v. Goodnight*, Syl. Pt.

---

[24] Plea Hearing Transcript, May 14, 2007, Pages 12–16, Pages 43–47
[25] See Id. Page 47, 55–56;
[26] Sentencing Hearing Transcript, September 11, 2007, Pages 26–29

4, 169 W.Va. 366, 287 S.E.2d 504 (1982); *State v. Booth*, Syl. Pt. 2, 224 W.Va. 307, 685 S.E.2d 701 (2009).

20.     "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." *Wanstreet v. Bordenkircher*, Syl. Pt. 4, 166 W.Va. 523, 276 S.E.2d 205 (1981); *State v. Booth*, Syl. Pt. 3, 224 W.Va. 307, 685 S.E.2d 701 (2009).

21.     "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" *State v. Vance*, Syl. Pt. 8, 164 W.Va. 216, 262 S.E.2d 423 (1980); *State v. Booth*, Syl. Pt. 4, 224 W.Va. 307, 685 S.E.2d 701 (2009).

22.     "Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense." *State v. Cooper*, Syl. Pt. 5, 172 W.Va. 266, 304 S.E.2d 851 (1983); *State v. Booth*, Syl. Pt. 5, 224 W.Va. 307, 685 S.E.2d 701 (2009).

23. "Disparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are similarly situated,

some courts will reverse on disparity of sentence alone." *State v. Buck*, Syl. Pt. 2, 173 W.Va. 243, 314 S.E.2d 406 (1984); *State v. Booth*, Syl. Pt. 6, 224 W.Va. 307, 685 S.E.2d 701 (2009).

24. The petitioner's consecutive sentences resulting in a one (1) year jail sentence followed by not less than ten (10) years nor more than fifty-eight (58) year sentence in a penitentiary of this state is not impermissibly harsh nor unconstitutionally disproportionate to the sentences received by petitioner's co-defendants. The petitioner was the primary perpetrator of the crimes charged and the only co-defendant to take advantage of the victim to perpetrate a sexual crime against the victim.[27] Moreover, the petitioner, at the young age of twenty-three, had a lengthy criminal history with increasing violence and extensive drug use.[28] Based upon the nature of the offenses with which the petitioner was charged and pled, including a sexual offense, along with the petitioner's criminal history, substance abuse history, and inability to conform his conduct to the norms of society[29], this ground in support of the petitioner's request for habeas relief should be denied.

---

[27] See Id. Pages 21, 25
[28] See Id. Pages 20-21, 25-26
[29] See Id., Page 25

## Ruling

It appearing to the Court that, after review of the findings of fact and conclusions of law above, no meritorious grounds for relief have been substantiated by the petitioner.

Accordingly, it is **ORDERED** that the Petition, Supplemental Petition, and Amended Supplemental Petition for Writ of Habeas Corpus should be and are hereby **DENIED**.

It is further **ORDERED** that the aforementioned petitions should be and are hereby dismissed from the active docket of this Court.

Finally, it is **ORDERED** that the Clerk of this Court shall deliver and/or otherwise provide certified copies of this Order to the following:

Traci M. Cook
Office of the Prosecuting Attorney
Third Floor, Courthouse, Suite 201
West Main Street
Clarksburg, WV 26301
*Counsel for the Respondent*

G. Ernest Skaggs
Skaggs & Skaggs
102 Third Ave.
Fayetteville, WV 25840
*Counsel for the Petitioner*

Robert Hart, Jr. (46015-1)
Huttonsville Correctional Center
P.O. Box 1
Huttonsville, WV 26273
*Petitioner*

ENTER: _August 19 2011_

THOMAS A. BEDELL, Judge

STATE OF WEST VIRGINIA
COUNTY OF HARRISON, TO-WIT:

I, Donald L. Kopp II, Clerk of the Fifteenth Judicial Circuit and the 18th Family Court Circuit of Harrison County, West Virginia, hereby certify the foregoing to be a true copy of the ORDER entered in the above styled action on the _19_ day of _August_, _2011_.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix Seal of the Court this _19_ day of _August_, 20_11_.

_Donald L. Kopp II_
Fifteenth Judicial Circuit & 18th Family Court
Circuit Clerk
Harrison County, West Virginia